# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6056 | **DATE** | 6/6/2012 |
| **CASE TITLE** | Sigrid Garavito vs. SunTrust Mortgage, Inc. *et al.* | | |

**DOCKET ENTRY TEXT**

Each side is ordered to submit a brief regarding the jurisdictional and other issues discussed below. The briefs should be filed 3 weeks from the date of this order. Each side may also file a response brief, which will be due 2 weeks after the filing of the opening briefs.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This is a putative nationwide class action arising out of the government's Home Affordable Modification Program ("HAMP"), created by the Treasury Department in the aftermath of the 2008 financial collapse. Under HAMP, mortgage servicers were encouraged -- and in some cases required -- to enter into negotiations for possible permanent modification of mortgage loans with homeowners in financial need. The first step of the process was an evaluation period in which the homeowner entered into a contract with the mortgage servicer to temporarily allow a reduced mortgage payment while the servicer evaluated whether the homeowner qualified for a permanent modification. This contract, drafted by Fannie Mae, is known as a Trial Period Plan ("TPP") contract. Plaintiff Sigrid Garavito alleges that she and defendant SunTrust Mortgage entered into such a contract on October 1, 2009. According to plaintiff, while the TPP remained in effect, SunTrust could not commence foreclosure proceedings or impose late fees. Plaintiff alleges that SunTrust violated these promises by commencing foreclosure proceedings in state court and imposing substantial fees. Plaintiff asserts four state law claims: breach of contract (Count I); fraud/intentional misrepresentation (Count II); constructive fraud/negligent misrepresentation (Count III); and unjust enrichment (Count IV).

Defendant SunTrust Mortgage filed a motion to dismiss in this court, asserting a number of arguments. SunTrust argues, among other things, that the TPP contract was never fully signed and thus did not come into effect. Even if it did, the contract was terminated after three months -- *i.e.* before the foreclosure proceedings were commenced. After this motion was fully briefed, the Seventh Circuit issued its first ruling regarding a HAMP case, many of which have been litigated in the district courts across the country. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012). The parties then filed additional supplemental briefs.

In the course of reviewing the briefs, we noticed a possible jurisdictional issue under the *Rooker-Feldman* doctrine. Because the *Rooker-Feldman* doctrine is jurisdictional, we must consider the issue *sua sponte* even if (as is the case here) the parties have not raised it. *L.V. Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645-46 (7th Cir. 2011) ("The district court correctly considered the *Rooker - Feldman* doctrine *sua sponte*."). Since the parties have not had a chance to brief this issue, we believe it would be

**STATEMENT**

prudent to allow the parties to submit supplemental briefs before we further research the question or issue a ruling. Set forth below is a brief overview of the issue. We emphasize that we have reached no firm conclusions on this issue.

We briefly summarize the doctrine. As set forth by the Seventh Circuit, *Rooker-Feldman* "deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)). Further, "[i]f the injury the plaintiff complains of resulted from, or is inextricably intertwined with, a state-court judgment, then lower federal courts cannot hear the claim." *Johnson*, 551 F.3d at 568. The complaint need not specifically challenge the state court order for the doctrine to apply. The district court should "look beyond the four corners of the complaint to discern the *actual injury* claimed by the plaintiff." *Id.* (emphasis in original).

We next summarize those facts -- taken from the complaint and from an exhibit attached to defendant's response brief -- which brought this issue to our attention. On July 15, 2011, SunTrust obtained a foreclosure judgment in state court against plaintiff. *See* Ex. C to Defs. Resp. (Docket # 8-3). The judgment states that, based on affidavits presented, the state court made a finding that plaintiff is indebted to SunTrust Mortgage in the amount of $462,576.30, an amount that includes $1,300 in attorneys' fees. A month and a half later, plaintiff filed this lawsuit. (Docket # 1.) Here, in federal court, she asserts only state law claims. All four claims seem predicated on the assertion that, at the start of the state foreclosure proceedings, the TPP contract was still in effect (a point defendants dispute). Plaintiff focuses on two primary wrongs. First, SunTrust imposed late fees and penalties in violation of the TPP contract. Second, SunTrust commenced foreclosure proceedings when they promised in the TPP contract that they would not do so. *See e.g.* Cmplt.¶ 3 ("this lawsuit seeks damages on behalf of a nationwide class for improper fees assessed by SunTrust, and foreclosure proceedings commenced by SunTrust"); ¶ 55.( "SunTrust breached the TPP Contract by foreclosing on Plaintiff's home, and imposing other late fees and penalties, while the TPP was in effect."). In addition to these two primary allegations, plaintiff also complains that her damages include "attorneys' fees and costs in the defense of the foreclosure action." (Cmplt. ¶ 40.)

It was this latter allegation -- that plaintiff hired an attorney in the foreclosure action -- that triggered in our mind the possible application of *Rooker-Feldman*. Specifically, if plaintiff hired an attorney who then raised defenses in state court, did the attorney raise in that action the very state law claims she now asserts here? If not, was there a reason the current claims could not have been raised in state court? For example, did the attorney argue that the TPP contract prevented SunTrust from obtaining a foreclosure judgment? Did the attorney argue that the total amount of indebtedness reflected in the judgment was inflated with extra fees and costs that, in plaintiff's view, are not owed by virtue of the promises made in TPP contract? For example, the state court judgment specifically includes $1,300 in attorneys' fees. Plaintiff in this case says that those attorneys' fees could not be collected. *See* Pl. Resp. at 7. The question under *Rooker-Feldman* is whether any judgment here would call into question the state court judgment. As the Seventh Circuit stated in *L.V. Crawford*, the *Rooker-Feldman* doctrine prevents a party from "presenting [in federal court] belated defenses to [a state court] foreclosure complaint." 647 F.3d at 646.

The above summary should be sufficient to direct the parties. Again, we have not come to any firm conclusion. It may be that we have missed some issue or misconstrued plaintiff's allegations. This is why we are calling for supplemental briefs. In addition to the *Rooker-Feldman* doctrine, the parties may also address the possible application of the closely related claim preclusion doctrines of *res judicata* and collateral estoppel. The parties should also address possible application of all these doctrines to each of the four counts.